**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 05 B 03914 |
| | ) | Chapter 7 |
| JAMMIE L. SLACK, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DOROTHY M. MURPHY, | ) | Adversary No. 05 A 01326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMMIE L. SLACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion of Jammie L. Slack (the "Debtor")
for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal
Rule of Civil Procedure 56 on the amended complaint of Dorothy M. Murphy ("Ms.
Murphy") against the Debtor to determine the dischargeability of a debt owed by the Debtor
to Ms. Murphy pursuant to 11 U.S.C. § 523(a)(4).[1]  For the reasons set forth herein, the Court
grants the Debtor's motion for summary judgment.   The Court finds that the debt owed by
the Debtor to Ms. Murphy is dischargeable.

---

[1] Ms. Murphy is a pro se litigant.  Her amended complaint erroneously requests a
determination that the debt owed to her by the Debtor be found non-dischargeable under 11
U.S.C. § 523(a)(3)(B)(4).  It appears, however, that Ms. Murphy is seeking to have the debt
held non-dischargeable pursuant to § 523(a)(4) as § 523(a)(3)(B)(4) does not exist.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. APPLICABLE STANDARDS FOR SUMMARY JUDGMENT MOTIONS

In order to prevail on a motion for summary judgment, the movant must meet the

statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made

applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule

56(c) reads in part:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that
> the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c); see also Estate of Allen v. City of Rockford, 349 F.3d 1015, 1019 (7th

Cir. 2003).

The primary purpose of granting a summary judgment motion is to avoid unnecessary

trials when there is no genuine issue of material fact in dispute. Trautvetter v. Quick, 916

F.2d 1140, 1147 (7th Cir. 1990); Farries v. Stanadyne/Chi. Div., 832 F.2d 374, 378 (7th Cir.

1987) (quoting Wainwright Bank & Trust Co. v. Railroadmen's Fed. Savs. & Loan Ass'n of

Indianapolis, 806 F.2d 146, 149 (7th Cir. 1986)). Where the material facts are not in dispute,

the sole issue is whether the moving party is entitled to a judgment as a matter of law. ANR

Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710, 153 F.3d 774, 777 (7th Cir. 1998).

-3-

On a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir.) (internal quotation omitted), *cert. denied*, 126 S. Ct. 746 (2005).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005); *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining

-4-

if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990).

The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they

are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van*

*Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*,

231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of

informing the . . . court of the basis for its motion, and identifying those portions of the

'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex*, 477 U.S. at 323 (*quoting* FED. R. CIV. P. 56(c)). Once the motion is

supported by a prima facie showing that the moving party is entitled to judgment as a matter

of law, a party opposing the motion may not rest upon the mere allegations or denials in its

pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*,

477 U.S. at 248; *Celotex*, 477 U.S. at 323; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper*

*County*, 901 F.2d 561, 565 (7th Cir. 1990). The manner in which this showing can be made

depends upon which party will bear the burden of persuasion at trial.

If the burden of persuasion at trial would be on the non-moving party, the party

moving for summary judgment may satisfy Rule 56's burden of production either by

submitting affirmative evidence that negates an essential element of the non-moving party's

claim or by demonstrating that the non-moving party's evidence is insufficient to establish

an essential element of the non-moving party's claim. *See Union Nat'l Bank of Marseilles*

*v. Leigh (In re Leigh)*, 165 B.R. 203, 213 (Bankr. N.D. Ill. 1993). When a defendant moves

·5·

for summary judgment, the plaintiff is obligated to make out his prima facie case. In order

to do so, the plaintiff must adduce evidence on each element of his claim on which he has

the burden of proof. *Celotex*, 477 U.S. at 322. The failure to set forth the necessary evidence

will result in summary judgment being entered for the defendant. *See, e.g., Brummett v.

Sinclair Broad. Group, Inc.*, 414 F.3d 686, 694 (7th Cir. 2005).

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment

motions, was modeled after LR56.1 of the Local Rules of the United States District Court

for the Northern District of Illinois. Hence, the case law construing LR56.1 and its

predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1.

Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes

special procedural burdens on the parties. Specifically, the Rule requires the moving party

to supplement its motion and supporting memorandum with a statement of undisputed

material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered

paragraphs, including within each paragraph specific references to the affidavits, parts of the

record, and other supporting materials relied upon to support the facts set forth in that

paragraph. Failure to submit such a statement constitutes grounds for denial of the motion."

Local Bankr.R. 7056-1B.

The party opposing a summary judgment motion is required by Local Rule 7056-2

to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph,

and to set forth any material facts that would require denial of summary judgment,

specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2.

-6-

The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B.

In the instant matter, the Debtor filed a 7056-1 statement that complies with the Rule. It includes numbered paragraphs establishing undisputed facts with specific references to the record and accompanying exhibits. Further, the Debtor filed an affidavit in support of the motion. The Debtor avers that he entered into an agreement with Ms. Murphy on May 1, 2003 to lease a dwelling unit in a building located at 821 North Massasoit in Chicago, Illinois. (Debtor Aff. ¶¶ 2 and 3.) He states that the building was a two-flat with a garden apartment for a total of three units. (*Id.* ¶ 5.) According to the Debtor, he occupied one unit in the building and Ms. Murphy occupied another unit. (*Id.* ¶ 4.) Ms. Murphy provided the Debtor a security deposit in the amount of $1,500.00 at the beginning of the lease term. (*Id.* ¶ 6.) The Debtor admits that he did not segregate the security deposit or place it in escrow. (*Id.* ¶ 7.) Further, the Debtor avers that at the end of the lease term in April of 2004, he was unable to return Ms. Murphy's security deposit because of financial problems. (*Id.* ¶ 8.) Finally, the Debtor states that Ms. Murphy caused "considerable damage" to the unit that exceeded the amount of the security deposit. (*Id.* ¶ 9.)

Ms. Murphy, as the respondent to the motion, attempted to comply with the Rule, but falls short. She did not responded, paragraph by paragraph, to the Debtor's 7056-1

-7-

statement, specifically referring to the record for support of each denial of fact. Instead, Ms.

Murphy filed a response that contains the following statements: (1) the building was a two-

flat; (2) the building did not have a garden apartment; and (3) the Debtor did not occupy the

building. (Resp. to Mot. for Summ. J. ¶¶ 1-3.) She also stated that an affidavit was attached

to her response. (*Id.* ¶ 4.) Ms. Murphy's affidavit, in turn, also contains four statements:

(1) she is the plaintiff in this adversary proceeding; (2) she has personal knowledge of all of

the facts contained in the affidavit; (3) at the time of the lease, the Debtor did not reside in

one of the units in the building; and (4) the building was a two-flat and did not have a garden

apartment.[2] (Murphy Aff. ¶¶ 1-4.)

The Court is mindful of the fact that Ms. Murphy is proceeding without the benefit

of counsel and that it is the "well-established duty of the . . . court to ensure that the claims

of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur,*

*Ill.,* 814 F.2d 426, 428-29 (7th Cir. 1987) (internal quotation omitted); *see also Duncan v.*

*Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981) (finding that "pro se pleadings [are] held to

less stringent standards than those prepared by counsel"). Even so, the Court cannot properly

disregard the requirements of Rule 7056. "Although civil litigants who represent themselves

("pro se") benefit from various procedural protections not otherwise afforded to the ordinary

attorney-represented litigant, pro se litigants are not entitled to a general dispensation from

the rules of procedure or court imposed deadlines." *Jones v. Phipps,* 39 F.3d 158, 163 (7th

Cir. 1994) (citations omitted).

---

[2] The issue of whether the building had two or three units, including the garden
apartment, is not outcome determinative nor a material issue of fact as discussed by the Court
in Section IV.B.2 *infra* of this Memorandum Opinion.

-8-

The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. *See Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir. 1997); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277-78 (7th Cir. 1996); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 938 (7th Cir. 1993); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *Maksym v. Loesch*, 937 F.2d 1237, 1240-41 (7th Cir. 1991). Compliance with Local Rules 7056-1 and 7056-2 is not a mere technicality. Courts rely greatly on the information in these statements in separating the facts about which there is a genuine dispute from those about which there is none. *Am. Ins. Co. v. Meyer Steel Drum, Inc.*, No. 88 C 0005, 1990 WL 92882, at *7 (N.D. Ill. June 27, 1990). The statements required by Rule 7056 are not merely superfluous abstracts of evidence. Rather, they

> are intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

*Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Because Ms. Murphy failed to fully comply with Rule 7056-2, all material facts in the Debtor's 7056-1 statement are deemed admitted and are set forth in Section III *infra* of the instant Memorandum Opinion.[3]

---

[3] Notwithstanding the Seventh Circuit's holding that a pro se litigant must be informed of the consequences of failing to properly respond to a motion for summary judgment, *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), there are no material factual issues in dispute in this matter. Accordingly, Ms. Murphy's failure to comply with Rule 7056-2—and the resulting admission of all of the material facts in the Debtor's 7056-1 statement—does not alter the outcome in the matter at bar.

-9-

## III. UNDISPUTED FACTS AND BACKGROUND

The following facts are undisputed, or as discussed *supra*, have been deemed admitted pursuant to Local Bankruptcy Rule 7056-2B. On May 1, 2003, the Debtor as lessor and Ms. Murphy as lessee entered into a one-year lease agreement for a dwelling unit located at 821 North Massasoit in Chicago, Illinois. (7056-1 statement ¶¶ 2 and 5; Debtor's Mem. in Supp. of Mot. for Summ. J. Ex. A.) Because the dwelling unit was located in Chicago, the Chicago Residential Landlord and Tenant Ordinance applied to the rental agreement entered into between the Debtor and Ms. Murphy. (7056-1 statement ¶ 5.) Ms. Murphy occupied one unit in the building, and the Debtor occupied another unit. (*Id.* ¶ 7; Debtor Aff. ¶ 4.)

Pursuant to the terms of the lease agreement, Ms. Murphy was required to provide the Debtor with a security deposit in the sum of $1,500.00, which she did in the form of a cashier's check. (7056-1 statement ¶¶ 3 and 4; Debtor's Mem. in Supp. Ex. A ¶ 3; Debtor Aff. ¶ 6.) The Debtor did not segregate the security deposit or place it in escrow. (Debtor Aff. ¶ 7.) Further, at the end of the lease term in April of 2004, the Debtor was unable to return Ms. Murphy's security deposit because of financial problems. (*Id.* ¶ 8.) According to the Debtor, Ms. Murphy caused damage to the unit that exceeded the amount of her security deposit. (*Id.* ¶ 9.)

Ms. Murphy sued the Debtor for the return of the security deposit and obtained a judgment against him in Illinois state court on August 17, 2004 in the sum of $1,500.00. (Answer ¶ 12.) The Debtor has not paid Ms. Murphy any potion of that judgment. (*Id.* ¶ 13.)

-10-

The Debtor filed a Chapter 7 bankruptcy petition on February 7, 2005. On his Schedule F, he listed Ms. Murphy as a creditor holding an unsecured debt in an amount unknown. The case trustee filed a no-asset report on April 19, 2005. Subsequently, the Debtor received a discharge on August 1, 2005.

On May 16, 2005, Ms. Murphy filed the instant adversary proceeding seeking a determination that the $1,500.00 debt owed by the Debtor to her should be found non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). Ms. Murphy filed an amended complaint on August 9, 2005 which alleges that the Debtor was required pursuant to the Chicago Residential Landlord and Tenant Ordinance to hold her security deposit in trust and return those funds with interest at the conclusion of the lease term. According to Ms. Murphy, the Debtor breached that fiduciary relationship, and, as a result, the debt owed to her should be found non-dischargeable under § 523(a)(4).

The Debtor filed this motion for summary judgment on October 17, 2005. He contends that the Chicago Residential Landlord and Tenant Ordinance does not apply to the rental of the unit to Ms. Murphy because the building contained fewer than six units. Additionally, the Debtor states that Ms. Murphy's security deposit was not returned to her because she caused damage to the rental unit in an amount in excess of the $1,500.00 deposit.

-11-

## IV. DISCUSSION

**A.      Exception to the Discharge of a Debt**

The party seeking to establish an exception to the discharge of a debt bears the burden

of proof. *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw)*, 895 F.2d 1170,

1172 (7th Cir. 1990); *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 961 (Bankr.

N.D. Ill. 1995). The United States Supreme Court has held that the burden of proof required

to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*,

498 U.S. 279, 291 (1991); *see also In re McFarland*, 84 F.3d 943, 946 (7th Cir. 1996); *In re*

*Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). Exceptions to discharge are to be construed

strictly against a creditor and liberally in favor of a debtor in order to further the policy of

providing the debtor with a fresh start in bankruptcy. *In re Morris*, 223 F.3d 548, 552 (7th

Cir. 2000); *Kolodziej v. Reines (In re Reines)*, 142 F.3d 970, 972-73 (7th Cir. 1998);

*Goldberg Secs. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992); *In re*

*Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985). "The statute is narrowly construed so as not

to undermine the Code's purpose of giving the honest but unfortunate debtor a fresh start."

*Park Nat'l Bank & Trust of Chi. v. Paul (In re Paul)*, 266 B.R. 686, 693 (Bankr. N.D. Ill.

2001).

**B.      11 U.S.C. § 523(a)(4)**

Section 523(a)(4) of the Bankruptcy Code provides that a debtor cannot discharge any

debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or

larceny[.]" 11 U.S.C. § 523(a)(4). The meaning of these terms is a question of federal law.

*In re McGee*, 353 F.3d 537, 540 (7th Cir. 2003). In order for Ms. Murphy to prevail under

-12-

§ 523(a)(4), she must prove that the Debtor committed (1) fraud or defalcation while acting

as a fiduciary; or (2) embezzlement; or (3) larceny. *See* 11 U.S.C. § 523(a)(4). She does not

specifically allege fraud, embezzlement, or larceny in her complaint. Rather, she contends

that the Debtor's actions constituted defalcation while acting in a fiduciary capacity and that

her damages were caused as a result of the Debtor's failure to return her security deposit.

### 1. Defalcation

"Defalcation" is not a defined term in the Bankruptcy Code. One court has defined

defalcation within the context of § 523(a)(4) as "the misappropriation of trust funds held in

any fiduciary capacity, and the failure to properly account for such funds." *Strube Celery &*

*Vegetable Co. v. Zois (In re Zois)*, 201 B.R. 501, 506 (Bankr. N.D. Ill. 1996) (internal

quotation omitted); *see also Blackhawk B.M.X., Inc. v. Anderson (In re Anderson)*, 64 B.R.

331, 334 (Bankr. N.D. Ill. 1986). An objective standard is used to determine a defalcation,

and intent or bad faith is not required. *Green v. Pawlinski (In re Pawlinski)*, 170 B.R. 380,

389 (Bankr. N.D. Ill. 1994). Mere negligence does not constitute defalcation. *Meyer v.*

*Rigdon*, 36 F.3d 1375, 1384-85 (7th Cir. 1994) (construing "defalcation" under § 523(a)(4)

and § 523(a)(11)). That is, although the Seventh Circuit has not clearly defined the level of

tortious conduct necessary to constitute a defalcation in the context of § 523(a)(4), it has

required something more than mere negligence or mistake, but less than fraud. *Id.* at 1385;

*Kress v. Kusmierek (In re Kusmierek)*, 224 B.R. 651, 656-57 (Bankr. N.D. Ill. 1998). Some

degree of culpability is required to make a debt non-dischargeable as a defalcation under §

523(a)(4), *see Cent. Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 511-12 (2d Cir.

1937), and a debtor's knowledge is relevant, *see Chase Lumber & Fuel Co. v. Koch (In re*

·13·

*Koch)*, 197 B.R. 654, 658-59 (Bankr. W.D. Wis. 1996). In sum, in order to establish that a

debt is non-dischargeable for reason of defalcation while acting in a fiduciary capacity, Ms.

Murphy must establish, by a preponderance of the evidence, the existence of an express trust

or fiduciary relation and a debt caused by the Debtor's defalcation while acting as a fiduciary.

*See Grogan*, 498 U.S. at 291; *In re Woldman*, 92 F.3d 546, 547 (7th Cir. 1996).

### 2. Express Trust or Fiduciary Relationship

A threshold inquiry is whether an express trust or fiduciary obligation runs from the

Debtor to Ms. Murphy under the facts of this matter. The existence of an express trust or

fiduciary relationship is tested under federal law standards. *In re Frain*, 230 F.3d 1014, 1017

(7th Cir. 2000). An express trust requires an explicit declaration of trust, a clearly defined trust

*res*, and an intent to create a trust. *CFC Wireforms, Inc. v. Monroe (In re Monroe)*, 304 B.R.

349, 358 (Bankr. N.D. Ill. 2004).

Ms. Murphy argues that the Debtor was required to hold her security deposit in trust

and thereafter return those funds with interest. Unfortunately for Ms. Murphy, the lease did

not require the Debtor to hold those funds in trust and return them with interest. Instead, the

lease provided that Ms. Murphy was to deposit with the Debtor the sum of $1,500.00 as

security for any damage caused to the property and that "[s]uch deposit shall be returned to

[Ms. Murphy], without interest, and less any set off for damages to the Premises upon the

termination of this Agreement." (Debtor's Mem. in Supp. Ex. A ¶ 3.) Thus, the lease itself

lends no support to Ms. Murphy's position.

Ms. Murphy relies on the Chicago Residential Landlord and Tenant Ordinance (the

"RLTO") in support of her argument that the debt should be found non-dischargeable under

·14·

§ 523(a)(4). Her reliance on this ordinance is misplaced. The RLTO "applies to, regulates and determines rights, obligations and remedies under every rental agreement entered into... for a dwelling unit located within the City of Chicago . . . subject only to the limitations contained in Section 5-12-020. . . ." CHICAGO, ILL., MUNICIPAL CODE § 5-12-010 (2005). Section 5-12-020 of the RLTO contains certain exclusions and provides in pertinent part that "[r]ental of the following dwelling units shall not be governed by this chapter . . . (a) dwelling units in owner-occupied buildings containing six units or less; provided, however, that the provisions of Section 5-12-160[4] shall apply to every rented dwelling unit in such buildings within the City of Chicago[.]" *Id.* § 5-12-020(a).

Based upon the undisputed facts, the Debtor occupied one unit, and Ms. Murphy occupied another unit. (7056-1 statement ¶ 7; Debtor Aff. ¶ 4.)[5] More importantly, it is undisputed that the building contained fewer than six units.[6] Consequently, the RLTO excluded the unit Ms. Murphy was renting from the Debtor. Thus, Ms. Murphy's reliance on the RLTO for the proposition that that ordinance created an express trust is misplaced.

---

[4] Section 5-12-160, which prohibits the interruption of a tenant's occupancy of the unit by the landlord, is not at issue in the matter at bar.

[5] Ms. Murphy takes issue with whether the Debtor occupied a unit in the building. (Resp. to Mot. for Summ. J. ¶ 3; Murphy Aff. ¶ 3.) As noted in Section II *supra* of this Memorandum Opinion, however, as a result of Ms. Murphy's failure to comply with Local Rule 7056-2, all material facts in the Debtor's 7056-1 statement are deemed admitted, including the fact that he occupied one unit in the building.

[6] Even though Ms. Murphy contends that the building contained three units, including a garden apartment, and the Debtor argues that the building had only two units, this disputed fact is not outcome determinative because the RLTO does not apply to buildings that contain *six* units or fewer. Hence, whether the Debtor's building had two or three units at the time of the lease agreement is of no moment.

-15-

Nevertheless, a § 523(a)(4) cause of action can be based on a fiduciary relationship other than one arising from an express trust. *See Frain*, 230 F.3d at 1017; *In re Marchiando*, 13 F.3d 1111, 1115-16 (7th Cir. 1994). "A fiduciary relationship may arise separate from an express trust . . . but it is the substance and character of the debt relationship that determines whether such a fiduciary relationship exists." *Monroe*, 304 B.R. at 358. The Seventh Circuit has found that a fiduciary relationship exists for purposes of § 523(a)(4) when there is "a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." *Marchiando*, 13 F.3d at 1116; *see also Woldman*, 92 F.3d at 547 ("[S]ection 523(a)(4) reaches only those fiduciary obligations in which there is substantial inequality in power or knowledge. . . ."). For example, a lawyer-client relationship, a director-shareholder relationship, and a managing partner-limited partner relationship all require the principal to "'repose a special confidence in the fiduciary.'" *Frain*, 230 F.3d at 1017 (*quoting Marchiando*, 13 F.3d at 1116).

However, not all fiduciary relationships fall within the purview of § 523(a)(4). *Woldman*, 92 F.3d at 547. A fiduciary relation qualifies under § 523(a)(4) only if it "imposes real duties in advance of the breach. . . ." *Marchiando*, 13 F.3d at 1116. In other words, the fiduciary's obligation must exist prior to the alleged wrongdoing. *Id.*

The Seventh Circuit Court of Appeals spoke to the issue of whether a landlord's retention of a security deposit constitutes defalcation while acting in a fiduciary capacity for purposes of § 523(a)(4). *In re McGee*, 353 F.3d 537 (7th Cir. 2003). The court noted that there is no general answer because some leases "treat the landlord's position as 'fiduciary' while others do not." *Id.* at 539. The court went on to state as follows:

-16-

> If the lease or governing statute treats the deposit as a form of
> loan to the landlord in order to create the possibility of a setoff
> if the tenant later incurs a debt to the landlord, then the tenant
> becomes an unsecured creditor in bankruptcy. On this
> understanding, each side's obligation–the tenant's to pay rent
> and cover any damage, and the landlord's to repay the
> deposit–is unsecured, which makes the debts "mutual" and
> readily offset. Likewise, however, it is easy to imagine
> arrangements, created by contract or statute, that require
> landlords to treat security deposits as trust funds and thus
> create fiduciary duties.

*Id.* 539-40.[7]

Accordingly, the Court must look to the lease to determine whether the Debtor was
to hold the security deposit in trust for Ms. Murphy.[8] The Court finds that the lease did not
require the Debtor, as the landlord, to treat Ms. Murphy's security deposit as trust funds and,
thus, did not create a fiduciary relationship. The plain and unambiguous language of the lease
stated that the Debtor was to return the security deposit without interest less any set off for
damage to the unit. There was no language in the lease that provided for the Debtor to hold
the security deposit in trust for Ms. Murphy. The lease treated the deposit as a form of a loan
to the Debtor to create the possibility of a setoff in the event Ms. Murphy damaged the unit.
According to the Debtor, Ms. Murphy's damage to the unit exceeded the total amount of the
security deposit.

---

[7] The *McGee* court found, unlike the situation at bar, that the RLTO applied and,
thus, the debtor was obligated to act as the tenant's fiduciary while holding the security
deposit. 353 F.3d at 541. As the Court noted *supra*, the RLTO does not apply to the lease
here because the rental unit was located in an owner-occupied building that contained six
units or fewer. Hence, the *McGee* case lends no support to Ms. Murphy's position.

[8] The Court need not look to the RLTO because as discussed *supra*, that statute does
not govern the matter at bar.

-17-

Moreover, the Court finds that there was no fiduciary relationship between the Debtor and Ms. Murphy. Specifically, there was no difference in knowledge or power between the Debtor and Ms. Murphy that gave the Debtor a position of ascendancy over Ms. Murphy. *See Marchiando*, 13 F.3d at 1116. Thus, the Court finds that there was no fiduciary relationship between the Debtor as lessor and Ms. Murphy as lessee under the terms of the lease agreement.

Moreover, Ms. Murphy has not supplied any evidence to establish defalcation for purposes of § 523(a)(4). Rather, she has merely demonstrated that the Debtor did not refund her security deposit and that she obtained a state court judgment against him for that amount. More of a showing is required to prove defalcation.

The Court is mindful of the fact that Ms. Murphy is a pro se litigant and has given her amended complaint a "fair and meaningful consideration." *Palmer*, 814 F.2d at 429. Nevertheless, the Court finds that there are no material issues of disputed fact and that, as a matter of law, the Debtor is entitled to judgment. The evidence before the Court failed to show that an express trust was created or intended in this matter, that the Debtor was acting in a fiduciary capacity, and that the debt was caused by the Debtor's defalcation while acting as a fiduciary. Accordingly, the Court finds that Ms. Murphy failed to demonstrate that the debt owed by the Debtor to her is non-dischargeable pursuant to § 523(a)(4).

## V. CONCLUSION

For the foregoing reasons, the Court grants the Debtor's motion for summary judgment. The Court finds that the debt owed by the Debtor to Ms. Murphy is dischargeable.

-18-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: _____1/23/6_____

_____
John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Dorothy Murphy v. Jammie L. Slack

**Adversary No.  05 A 01326**

Melvin J. Kaplan, Esq.
Bennett A. Khan, Esq.
Melvin J. Kaplan & Associates
14 E. Jackson Blvd., Suite 1200
Chicago, IL 60604

Dorothy Murphy
P.O. Box 10817
Chicago, IL 60610

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner &
Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

Ira Bodenstein, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606